IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 26-cv-03855-SKC

PEDRO MENDOZA YULA,

Applicant,

v.

JUAN BALTAZAR,

Respondent.

---

ORDER

---

Before the Court is Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. 5. The Court ordered Respondent to respond to the Amended Application and show cause why it should not be granted. Dkt. 8. On September 16, 2026, Respondent filed a Response. Dkt. 11. For the reasons shared below, the Court grants Petitioner's Amended Application.

**BACKGROUND**

Petitioner, who is a citizen and national of Guatemala, is confined at an immigration detention facility in Aurora, Colorado. Dkt. 1 at 1, 7-8. Petitioner alleges he entered the United States at the Texas border in 2019 and encountered U.S. border patrol agents. *Id.* at 8. He does not allege any further facts concerning his entry. On July 9, 2026, Petitioner was detained by ICE officers after the officers stopped his

vehicle. *Id.* at 2, 7. Petitioner states he was not presented with a warrant at the time of his arrest or at any time thereafter. *Id.* at 2. He also states that he does not have any criminal convictions and is not a flight risk. *Id.* at 3, 13. He further alleges that he has not received any documentation to indicate that he is subject to a final order of removal. *Id.* at 2, 7, 9. His request for asylum has been pending since 2022. *Id.* at 8, 10.

Petitioner asserts that his detention without an arrest warrant is unlawful and cites to a similar case involving "Calderon Navarro." *Id.* at 2. Petitioner further claims that his continued detention under 8 U.S.C. § 1226(a) violates his federal due process rights because the Government required him to prove he was not a danger to the community, instead of the Government bearing the burden of proof. *Id.* at 4, 9. Petitioner seeks an order for his immediate release under reasonable terms of supervision. *Id.* at 6, 11.

Respondent does not address the merits of Petitioner's claims. *See* Dkt. 11 at 1 ("For purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). Furthermore, "Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Citing the recent decision of the United States Court of Appeals for the Tenth Circuit in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. June 30, 2026), Respondent states "the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, provide Petitioner with a

bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." *Id.* at 1-2.

**ANALYSIS**

The Court construes the Amended Application liberally as asserting a claim that Petitioner's detention without an arrest warrant violates 8 U.S.C. § 1226(a).

Respondent does not dispute that Petitioner is detained unfder 8 U.S.C. § 1226(a). Section 1226(a) authorizes arrest and detention only on a warrant issued by the Attorney General. *See* 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"). *See also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."). The issuance of a "Warrant of Arrest" (Form I-200), *see* 8 C.F.R. §§ 236.1(b), ""is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."' *Calderon Navarro v. Valdez*, No. 26-cv-03340-NYW, 2026 WL 2321366, at *2 (D. Colo. Aug. 11, 2026) (quoting *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025)). *See also J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (citing *Chogllo Chafla*); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (same).

Where a noncitizen has been arrested without a warrant, "then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested

alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023). *See also Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 at *5 (D. Colo. May 15, 2026) ("Fundamentally, Respondents may not detain first, and justify later.") (collecting cases). This conclusion is consistent with Department of Homeland Security regulations which permit immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear ("NTA"). *See* 8 C.F.R. §§ 236.1(b) ("At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest."); § 1236.1(b) (same).

Petitioner states that he was not shown a Warrant of Arrest when he was stopped and detained by ICE on July 9, 2026, or at any point thereafter. Dkt. 5 at 2. Respondent does not address this allegation in its Response or attach an arrest warrant. Further, although there are limited exceptions to § 1226(a)'s warrant requirement, which are set forth in 8 U.S.C. § 1357(a), Respondent does not provide any argument or submit any evidence indicating that Petitioner's warrantless arrest was proper under § 1357.

The Court finds that Respondent did not comply with the requirements of 8 U.S.C. § 1226(a) when arresting and detaining Petitioner. "Release is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'"

*Calderon Navarro*, 2026 WL 2321366, at *3 (internal citations omitted). *See also Martinez-Salamanca v. Baltazar,* No. 26-cv-02410-PAB, 2026 WL 2083209, at *4 (D. Colo. July 20, 2026) ("Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release.") (collecting cases).

For these reasons, Petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. 5) is **GRANTED** and the Court **ORDERS** as follows:

1. Respondent shall **RELEASE** petitioner Pedro Mendoza Yula from custody **IMMEDIATELY**.
2. Within **TWO DAYS** from the date of this order, Respondent **SHALL FILE** a status report confirming that Petitioner has been released from custody.

DATED October 22, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge